IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAXTON COOPER a/k/a RA'QUEEM ALI MOOR RAMSES FREEMAN BEY | : : : | CIVIL ACTION |
| v. | : : | |
| CITY OF PHILADELPHIA; M. LOUIS GIORLA; MICHAEL NUTTER; LOUIS GIORLA; MAY; MOORE; DELANEY; KNIGHT | : : : : | No. 11-5314 |

**Norma L. Shapiro, J.**                                                            February 27, 2015

### MEMORANDUM

Before the court is "Plaintiff Motion to Stay: 'Take to Trial'" filed by plaintiff Braxton Cooper ("Cooper"). The court construes the motion as a motion for reconsideration of the order granting the defendants' motion to dismiss plaintiff's complaint as unopposed. The motion for reconsideration will be denied.

**I. Background**

Cooper filed a complaint alleging counts against eight defendants: City of Philadelphia, M. Louis Giorla, Michael Nutter, Louis Giorla, May, Moore, Delaney, and Knight. Cooper alleges during his incarceration within the Philadelphia Prison System he was placed in a three man cell (a two person cell with a plastic boat on the floor for a third inmate.) Cooper alleges he slept on a boat in front of a toilet, and rodents and insects were in his cell. He also alleges he suffered "staff infections on his hands on right finger index, and on his penis, anxiety attacks, frustration, depression, nightmares and insomnia, headaches, emotional distress, skin infections, urine body exposure of fecal pathogens and urine from other inmates." *See* Complaint 3.

Cooper contemporaneously filed a motion for leave to proceed *in forma pauperis* ("*ifp*"). On October 5, 2011, the court issued an order granting his application to proceed *ifp* and placing

this action in administrative suspense pending disposition of the prison overcrowding actions filed prior to and on June 30, 2011. By order of September 20, 2013, this action was removed from administrative suspense and counsel was appointed to represent Cooper. During the course of counsel's representation of Cooper, counsel negotiated, on Cooper's behalf, terms of a settlement of Cooper's claims. Despite the recommendation of counsel, Cooper declined to participate in the settlement of this action. By order of May 5, 2014, counsel for Cooper were given leave to withdraw, and Cooper was given leave until May 30, 2014 to obtain new counsel or advise the court in writing he wished to proceed *pro se*. On May 20, 2014, the court received a submission from Cooper, which the court interpreted to be Cooper's notification he wished to represent himself in this action.

On July 24, 2014, counsel for the defendants filed a motion to dismiss plaintiff's complaint contending Cooper failed to allege the individual defendants had personal involvement in any alleged wrongs, the complaint contained insufficient allegations regarding a municipal policy or custom, and plaintiff failed to allege an underlying constitutional violation. By order of September 8, 2014, the court granted defendants' motion to dismiss plaintiff's complaint as unopposed. On September 22, 2014, Cooper filed  "Plaintiff Motion to Stay: 'Take to Trial,'" which the court construes as a motion for reconsideration of the order granting the defendants' motion to dismiss the complaint as unopposed. The defendants have not filed a response to this motion.

**II. Discussion**

"The purpose of a motion for reconsideration...is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Laboratories Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A Rule 59(e) motion for a new trial "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 138 (3d Cir. 2013 (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Rule 60(b) of the Federal Rules of Civil Procedure permits the court to relieve a party from a final judgment, order, or proceeding for six reasons: mistake, newly discovered evidence, fraud, void judgment, satisfied judgment, or any other reason justifying relief. Motions for reconsideration are granted sparingly because "federal courts have a strong interest in the finality of judgments[.]" *In re Asbestos Products Liab. Litig. (No. VI)*, 801 F. Supp.2d 333,334 (E.D.Pa. 2011) (quoting *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Cooper has not proffered any arguments that advance his request for relief or apply Federal Rules of Civil Procedure 59(e) or 60(b) to this case. Cooper's motion for reconsideration is unclear, and comprised mostly of legal citations and rambling discussions of freedom and rights guaranteed by the Declaration of Independence, the Constitution, and the Uniform Commercial Code. Cooper does not explain why reconsideration would be appropriate nor does he respond to the arguments in defendants' motion to dismiss.

**III. Conclusion**

Cooper's "Motion to Stay: 'Take to Trial,'" construed by the court as a motion for reconsideration, will be denied. An appropriate order follows.